

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 14, 1939

Hon. Tom C. King
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-589
Re: As to proper disposition and
    expenditure of certain Federal
    funds under the Texas Centennial
    Celebration Statutes and amend-
    ments.

        With further reference to your letter of
April 3rd and in considering your request for an opin-
ion as contained therein, permit us to set forth the
following relevant parts of your letter as material to
the request:

        "The United States Texas Centennial Com-
    mission allocated to the Commission of Control
    for Centennial Celebrations funds for specific
    projects (with specific maximum amounts avail-
    able in each instance) with the exception of
    $10,000.00 which was authorized to be used for
    administrative purposes and expenses incurred
    by the Commission of Control for Centennial
    Celebrations, or its agent, the State Board of
    Control, in connection with projects erected
    with Federal Centennial funds. The $10,000.00
    for administrative expenses was deposited in
    an Austin bank rather than in the State Trea-
    sury. All funds for the construction of pro-
    jects were placed in the State Treasury.

        "In many cases, the cost of the projects
    did not reach the maximum limit allowed. The
    difference between the actual cost of the pro-
    jects and the maximum limit allowed has been

called 'savings' by the Board of Control. In December 1938, the 'savings' on some of the Federal projects--totaling $6,334.92-- was transferred at the request of the Board of Control by the Comptroller of Public Accounts to an account known as 'Federal Administrative Expenses--Approp. L38-36'. The salaries of the employees of the Centennial Division of the Board of Control have been paid from this since January 1, 1939.

"Will you please furnish this office your opinion on the following matters:

"(1) May the Board of Control pay salaries and expenses of its employees from this account which was created by a transfer of the 'savings' from Federal projects? May the Comptroller of Public Accounts prepare warrants to be charged against funds whose life expired on December 31, 1938, on items which could not be contracted for?

"(2) Should not the funds for administrative expense have been placed in the State Treasury and expended in accordance with the provisions of the Act of the Legislature controlling the expenditure of the moneys appropriated for Centennial purposes?

"(3) Has the Board of Control any legal right to pay salaries in excess of the limit of $4,000.00--as prescribed by House Bill No. 11--out of the funds furnished by the Federal government for Centennial purposes?"

Such statutes and authority as pertain to the disposition and expenditure of the Federal funds in question, are to be found in H. B. No. 11, Acts of 1935, 44th Legislature, Chapter 174, as incorporated under Article 6144c, Vernon's Annotated Revised Civil Statutes of Texas 1925, which article also contains the amendments to H. B. No. 11, as found in the provisions of Senate Bill No. 476,

Acts of 1937, 45th Legislature, Chapter 314. Such provisions of H. B. No. 11 and as amended by Senate Bill No. 476, which we think material, will be found herein set forth:

"Section 1.
"Item Number Five.

"(1) The sum of One Million and Seventy-five Thousand Dollars ($1,075,000), and such other sums as may be re-allocated to this fund under the terms and provisions of Section 14 of this Act, or so much thereof as may be necessary, shall be used to deffay the expenses, or the portion thereof abowe the amount of local funds contributed, or facilities furnished, of Centennial celebrations and expositions, as that term is hereinafter broadly defined, outside of the County of Dallas and within the State of Texas."

Section 14 of the Act provides:

"Sec. 14. No part of any one of the allocations of said funds as provided in this Act shall at any time be used for the purposes of any other one or more of said funds; provided, however, that any unexpended balance remaining out of any allocation made, after the Board of Control has complied with the recommendations of the Commission of Control or any specific expenditure shall be re-allocated to Item Number Five, of Section 1, of this Act, and shall be available for expenditure for the purpose therein named."

Section 6 of the Act provides:

"Sec. 6. All expenditures and contracts authorized by the Commission of Control shall be made, let, supervised and expended by the Board of Control of the State of Texas, according to all legal requirements now provided as to the expenditure of funds and the letting of contracts by said Board of Control."

Section 8 of the Act provides:

"Sec. 8. All funds expended under
this Act shall be drawn from the Treasury
of the State of Texas by warrants properly
signed by the Comptroller of Public Ac-
counts and the Treasurer of the State of
Texas, as is now provided by law."

Section 16 of the Act provides:

"Sec. 16. No person shall receive
a salary, commission, or compensation
out of said State funds herein appropriat-
ed more than Four Thousand Dollars ($4,000)
per year."

In other sections of the act we find certain
provisions with reference to Federal funds, the appli-
cation to be made for same, and pertaining to their
control and expenditure. These provisions are pointed
out. Section 3 as amended by Senate Bill 476, Acts of
1937, reads in part:

".........The Commission of Control
for Texas Centennial Celebrations is
hereby specifically authorized and di-
rected to make application to the Feder-
al Government for funds and to receive
such funds to be expended by the Board
of Control of the State of Texas as pro-
vided for in Section 6 of Chapter 174,
Acts of the Regular Session of the 44th
Legislature." (underscoring ours).

Section 23 of the Act provides:

"Sec. 23. The Commission of Control for Texas Centennial celebrations is hereby authorized and directed immediately after the passage of this Act to make formal application for the participation of the Federal Government in the Texas Centennial celebrations through proper channels and for adequate appropriation or allocation of Federal funds for that purpose. Any funds so received, unless otherwise directed by the Federal Government, shall be under the direction and control of the said Commission of Control to be expended under the provisions of this Act controlling the expenditures of the moneys herein appropriated;...." (Underscoring ours).

It seems apparent from the above sections and provisions of the act that such Federal funds, including the allotment of $10,000.00 for administration expense were intended to be placed in the State Treasury and their expenditure controlled as provided for expenditures of State's money so appropriated.

In connection with the allotment of such Federal funds by the Federal government, we have been presented a photostatic copy of a letter, containing twelve pages, setting forth the requirements and regulations as to the Federal funds allocated to the various projects, addressed Walter F. Woodul, Chairman, Commission of Control for Centennial Celebrations, Austin, Texas, and signed by John N. Garner, Vice President, R. Walter Moore, Acting Secretary of State, H. A. Wallace, Secretary of Agriculture, and Daniel C. Roper, Secretary of Commerce, comprising the United States Texas Centennial Commission. Such requirements and regulations therein contained, are in keeping with the authorization and powers granted and delegated to said United States Texas Centennial Commission by a Senate Joint Resolution of Congress, contained in Chapter 334, Acts of the 74th Congress. This resolution, approved June 28, 1935, created said U. S. Texas Centennial Commission and authorized an appropriation to be made to such State agencies as then in existence. In Chapter 508

of said Acts of Congress, a general appropriation of money was made August 12, 1935, and on February 11, 1936, said Senate Joint Resolution as found in Chapter 334, of said acts, was amended by House Joint Resolution No. 439 and which amendment contains the following provision:

"....The funds so allocated may be expended by such state bodies and government departments or establishments in any part of the state of Texas in accordance with the allocation by the commission." (Underscoring ours).

The following portion of the aforementioned photostatic letter, which we presume contains the Federal regulations and requirements of expenditure and the specific maximum allocations as authorized and laid down by the said United States Texas Centennial Commission reads:

"The Commission has allocated to the Commission of Control for Centennial Celebrations funds aggregating $1,345,600.00. This amount has been allocated for specific projects with the exception of $10,000.00 which was authorized to be used for administrative expenses incurred by the Commission of Control for Centennial Celebrations, or its agent, the State Board of Control, in connection with projects erected with Federal Centennial funds. The projects for which the funds have been allocated, with the specific maximum amounts available in each instance, follow:...."

The Federal funds in question, though appropriated and directed to be under the supervision and direction of the Commission of Control of Texas and to be expended by the State Board of Control, nevertheless, such funds were allocated both for administrative expense and for specific projects designated. As soon as such funds were received by said government agencies, they became state funds, ear-marked or held in trust for the particular project or purposes for which they were so designated. Accordingly, to our view, such authority to be exercised in the control and expenditure of such funds, otherwise than

by Federal regulations, by the Commission of Control
or Board of Control, if to be found, must of necessity
be provided for by Legislature authority creating such
state bodies. Having carefully considered the material
provisions of the statutes as found in House Bill No.
11, Acts of 1935, 44th Legislature and amendmahts there-
to by Senate Bill No. 476, we are unable to find and
there does not appear any statutory authority for the
Commission of Control or State Board of Control to ex-
pend for administrative purposes, such funds as may re-
main from specific Federal allotments for particular
projects completed  To make such expenditures in the
absence of such authority would not be in accordance
with the allocations by the United States Texas Cen-
tennial Commission or Federal regulations.

The Legislature only re-allocated and re-appro-
priated (see sec. 1a, Acts of 1937, S. B. 476, 45th Leg.)
funds remaining or the unexpended balance of the
$3,000,000.00, and the unexpended portion of the $100,000.00
administration expense, state funds, as found in section
3 of said Senate Bill No. 476.  Such re-allocation or re-
appropriation did not cover or extend to Federal funds
or the use of any portion over and above the $10,000.00,
previously alloted for administrative expense.

In the light of what has been said, with refer-
ence to your question No. 1, it is the opinion of this
Department, that the Board of Control is not authorized
to pay salaries and expenses of its employees from such
an account created and consisting of the Federal funds
in question and that the Comptroller of Public Accounts
is not authorized to issue warrants to be charged against
such funds.

With reference to question No. 2, it is the opin-
ion of this Department, that the $10,000.00 alloted for
administrative expense by the Federal Government should
have been placed in the State Treasury and expended in
accordance with the provisions of the act of the Legisla-
ture controlling the expenditure of the moneys appropriated
for Centennial purposes.

Hon. Tom C. King, April 14, 1939, Page 8

With reference to your question No. 3, it is
the opinion of this Department that the funds in ques-
tion should not be used to pay salaries in excess of
the limit of $4,000.00 as prescribed by House Bill No.
11.

Trusting that the above answers your inquiry,
we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS